[L. A. No. 4373. In Bank.—August 2, 1915.]

## GEORGE D. SNYDER, Petitioner, v. G. A. MURRAY, Respondent.

MUNICIPAL CORPORATIONS—SANTA MONICA—AMENDMENTS TO CHARTER —COMMISSION FORM OF GOVERNMENT—DATE OF TAKING EFFECT.— The amendments to the freeholders' charter of the city of Santa Monica, ratified by the electors on December 1, 1914, and approved by the legislature in January, 1915, establishing the so-called commission form of government, in so far as they provided what officers the city should have and what their duties and compensation should be, did not go into effect until January 1, 1916. Until then, the old provisions of the charter on such subjects remained in force.

ID.—POSTPONEMENT OF OPERATIVE EFFECT OF AMENDMENTS.—Although an amendment constitutes a part of a charter from the time of the approval by the legislature, it is not necessarily in all respects an operative provision thereof at once. Its operative effect can be postponed to a subsequent time.

APPLICATION for a Writ of Mandate directed to the City Clerk of the City of Santa Monica.

The facts are stated in the opinion of the court.

Heney & Carr, for Petitioner.

Tanner, Odell, Odell & Taft, for Respondent.

ANGELLOTTI, C. J.—This is an application on notice for a peremptory writ of mandate directed to respondent, as city clerk of the city of Santa Monica, requiring him to certify, approve, and audit the claim of petitioner for his compensation as a member of the city council of said city. At the close of the oral argument decision was orally given

awarding a peremptory writ as prayed. We deem it proper to state briefly in writing the reasons for our decision.

The real question involved was as to the effect of certain amendments to the freeholders' charter of said city which were ratified by the electors thereof on December 1, 1914, and approved by the legislature of the state in January, 1915. These amendments made very sweeping changes in the article of the charter providing for officers of the municipality. (art. III), substituting for the old system a complete new system, the design being to establish what is known as the commission form of government. Instead of a mayor and seven councilmen, one from each ward, provision was made for the election by the people of three commissioners, who should compose and be the city council of said city and trustees of the public library, and one of whom was to be *ex officio* mayor, chief of police, superintendent of buildings, health officer, and fire commissioner, another of whom was to be *ex officio* street superintendent, park commissioner, and water commissioner, and the third of whom was to be *ex officio* city clerk, city assessor, city treasurer, and city tax and license-collector. Provision was also made for the appointment by the council of a city attorney and a city engineer, and by the board of education of a superintendent of schools, and for the election by the people of a judge of the police court and a board of education. This change was sought to be accomplished by the amendment of all the sections of the old article entitled "Officers of the Municipality." Petitioner was a member of the old council of seven members, and is still a member thereof if it did not cease to exist with the approval of the amendments by the legislature. Respondent's claim is that it did so cease to exist. No provision was made in the amendments or contained in the charter under which commissioners or any other officers could be selected in any way prior to the first election by the people to be held thereunder, which election was fixed by the amendments for the first Tuesday in December of the year 1915, and if the claim of respondent is well based, it would follow that there would be an interregnum from the approval of the charter amendments to at least the time of said election, during which the city of Santa Monica would be without any officers, unless perchance the governor of the state, by virtue of his constitutional power, could appoint officers to remedy this omission

in the charter. Of course it is obvious that the people of the city of Santa Monica intended no such result. Consideration of the amendments makes it absolutely certain what they did intend, viz., that this new form of government should go into effect on January 1, 1916, and not before.

It was specifically provided that all of the elective officers provided for by the amendments, including the three commissioners, should be elected at the municipal election to be held in December, 1915, and that their terms of office should begin on the first of January next succeeding their election and qualification, and the commissioners so elected were to appoint the city attorney and city engineer, and the board of education so elected was to appoint the superintendent of schools. One cannot read the amendments without being entirely satisfied that the intention was to put the new system into practical operation on January 1, 1916, proceeding until that date under the old system. This intention is just as manifest from the provisions of the amendments as it would have been had such a declaration been made in so many words. There is no good reason why this intention may not be given effect. Although it is true that an amendment constitutes a part of a charter from the time of the approval by the legislature, it is not necessarily in all respects an *operative* provision thereof at once. Of course it is operative from the time of its approval unless it plainly appears in the amendment itself that its operation is intended to be postponed to some subsequent time, and where it is wished to postpone its operation it is extremely desirable to so state in words free of uncertainty. That its operative effect can be and often has been so postponed there can be no doubt. Here the amendments are such as to make manifest the intention to postpone their operation to January 1, 1916, until which date the old provisions were to remain in force. We are speaking here, of course, only of the amendments providing what officers the city shall have and what the duties and compensation of those officers shall be, for no other provision is here involved. The provisions in the amendments for an election of the new officers on the first Tuesday of December, 1915, are, of course, effectual to enable such election to be held on such date in the manner and under the regulations prescribed therefor.

The city council provided for by the old provision being still in existence, petitioner, a member thereof, is entitled to the relief asked in his petition, mandate against the city clerk to compel allowance of his claim for his salary as councilman.

Henshaw, J., Melvin, J., Shaw, J., Sloss, J., and Lawlor, J., concurred.